UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUSHEGH SARGSYAN, MARIAM NERKARARYAN,<br><br>Plaintiffs,<br><br>v.<br><br>FCA US, LLC,<br><br>Defendant. | Case No.  1:22-cv-00129-JLT-HBK<br><br>ORDER TO SHOW CAUSE<br><br>FOURTEEN-DAY DEADLINE |

    This matter comes before the Court upon periodic review of the file.  Plaintiffs initiated this action in the United States District Court for the Central District of California on January 10, 2022. (Doc. No. 1).  The Central District Court transferred the case to this Court on February 1, 2022. (Doc. No. 13).  On February 2, 2022, this Court issued New Case Documents and set this case for a mandatory Initial Scheduling Conference. (Doc. No. 14).  On September 14, 2022, the Court, noting that service had not yet been effectuated upon Defendant, *sua sponte* cancelled the mandatory Initial Scheduling Conference. (Doc. No. 19).  On September 15, 2022, Plaintiffs filed Proof of Service of Summons which reflect service was effectuated on Defendant FCA US, LLC on September 15, 2022. (Doc. No. 21).  Defendant's response to the complaint was due within 21 days.  Fed. R. Civ. P. 12 (a)(1)(A)(i).

As of the date of this order, Defendant FCA US, LLC has not filed a response to the Complaint and the time to do so has expired. Plaintiffs again have failed to undertake their duty to prosecute this action. More specifically, Plaintiffs have not moved for a clerk's default. *See* Fed. R. Civ. P. 55. A case cannot linger indefinitely on the Court's docket. A litigant has a duty to diligently prosecute an action, and the court, likewise, has an interest in ensuring that cases do not sit idle and burden it already over congested docket. *See* Fed. R. Civ. P. 1 (envisioning the "just, speedy, and inexpensive" determinations of federal cases).

Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action when a litigant fails to prosecute an action. *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) *sua sponte*, at least under certain circumstances."). Local Rule 110 similarly permits the court to impose sanctions on a party who fails to comply with the court's Rules or any order of court. Precedent supports a dismissal of a case when a litigant fails to prosecute an action. *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991); *Ash v. Cvetkov*, 739 F.2d 493, 497 (9th Cir. 1984) ("A relatively brief period of delay is sufficient to justify the district court's sending a litigant to the back of the line."); *Reyes v. Kaiser Permanente Foundation Hospital*, 2021 WL 5417603 (E.D. Cal. 2021).

////

////

Accordingly, it is **ORDERED**:

Plaintiffs shall show good cause why this action should not be dismissed under Rule 41(b) and Local Rule 110 within **fourteen (14) days** from the date on this Order. Plaintiffs' failure to timely respond to this Order will result in the undersigned recommending the district court dismiss this case without further notice. In the alternative, Plaintiffs may file a Rule 41(a) notice

if they wish to voluntarily dismiss this action since Defendant has not filed an answer or motion for summary judgment.

Dated:    January 17, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE